TERRELL, Justice.
On petition of Anthony Mankus writ of habeas corpus was issued from this court November 7, 1960, and return thereto was filed by the Attorney General November 16, 1960. Return was required because the petition, among other things, alleges that petitioner received a sentence of from six months to life; that there is no showing of the offense with which petitioner is charged and that the severity of his sentence [six months to life] suggests that he might have been indicted for a capital offense, in which event he would have been entitled to counsel.
The return shows that respondent holds petitioner pursuant to commitment issued by the Court of Record of Escambia County, Florida, September 20, 1960; that said commitment is predicated on a judgment and sentence of said court dated July 1, 1960, wherein petitioner was adjudged guilty of the crime of robbery as charged in the third count of the information and that he was adjudged guilty of the crime of grand larceny as charged in the seventh count of the information.
The aforesaid judgment and sentence was modified by order entered September 20, 1960, in that, the life sentence imposed against petitioner for the crime of robbery *866 was changed to a sentence of six months to life. Entry of the aforesaid judgment and sentence was occasioned by petitioner haying pleaded guilty to the charge of robbery as appears in the third count of the information and to the charge of larceny as appears in the seventh count of the information. Respondent admits that petitioner was not represented by counsel but denies that the petitioner desired counsel or requested counsel. Furthermore, petitioner seasonably announced that he was without counsel and did not desire counsel.
It follows that petitioner was charged with the crime of robbery, principal in the first degree to robbery, entering without breaking with intent to commit a felony and grand larceny; he was not charged with any capital crime under the law of Florida (§§ 813.011, 776.011, 810.03, 811.021, Florida Statutes, F.S.A.). He was accordingly not entitled to appointment of counsel to represent him as a matter of right (§ 909.21, Florida Statutes, F.S.A.), and having voluntarily, with knowledge of his rights, waived any right to counsel and having failed to bring himself within the doctrine established in Sneed v. Mayo, Fla.1953, 66 So.2d 865, he was not deprived of any right for lack of representation by counsel when he entered his plea to the charges against him.
In the return respondent denies that the court was prejudiced against petitioner and alleges that petitioner, having received a sentence within the limits prescribed by law for the crimes of which he stood convicted, cannot complain of the length of such sentence in habeas corpus, appeal from the judgment and sentence or by any other appropriate proceeding other than an appropriate application to the Florida Parole Commission or the Florida State Board of Pardons.
Other allegations of the petition have been examined but like the foregoing they have been found to be totally devoid of merit or out of place in habeas corpus proceeding.
The writ of habeas corpus is, therefore, quashed and petitioner is remanded to custody of respondent.
It is so ordered.
THOMAS, C. J., and HOBSON, THOR-NAL and O’CONNELL, JJ., concur.